# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DENNIS PUTZIER, | |
| Petitioner, | No. C14-4047-MWB <br> (CR10-4114-MWB) |
| vs. | **INITIAL REVIEW ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION AND FACTUAL BACKGROUND

This case is before me on petitioner Dennis Putzier's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1). In his § 2255 motion, Putzier claims that he is entitled to relief under the United States Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). In *Descamps*, the Court held that in determining whether a predicate crime is a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a sentencing court may not use the so-called modified categorical approach when the crime in question has "a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." *Descamps*, 133 S. Ct. at 2283. Putzier claims that I violated *Descamps* by using the modified categorical approach to determine that his 2011 Iowa burglary in the third degree conviction constituted a crime of violence for the purposes of career offender guidelines. *See* U.S.S.G. § 4B1.1.

I am required to make an initial review of the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Summary dismissal of a § 2255 motion is

appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977).

On December 15, 2010, an Indictment was returned charging Putzier with conspiracy to possess with intent to distribute 500 grams of methamphetamine and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. On March 10, 2011, Putzier appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Indictment. On this same date, Judge Zoss filed a Report and Recommendation in which he recommended that Putzier's guilty plea be accepted. Both Putzier and the prosecution waived the time to object to Judge Zoss's Report and Recommendation and I accepted Judge Zoss's Report and Recommendation and Putzier's guilty plea on March 10, 2011. At Putzier's sentencing, on June 21, 2011, I determined, over Putzier's objection, that Putzier's 2011 Iowa conviction for third-degree burglary was a "crime of violence" for career-offender purposes under U.S.S.G. § 4B1.1(a)(3) and that, as a result, Putzier qualified as a career offender. As a result, I sentenced him to 262 months in prison and ten years of supervised release.[1] Putzier appealed his sentence, challenging his career offender enhancement. On appeal, Putzier contended that "the PSR is not a document upon which the District Court was permitted to rely in making the career-offender determination, citing *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed.2d 205 (2005)." *United States v. Putzier*, 460 Fed. App'x 610, 611 (8th Cir. 2012). In rejecting Putzier's argument and affirming his sentence, the Eighth Circuit Court of Appeals explained that:

---

[1]Putzier's sentence was at the bottom of his career-offender-enhanced Guidelines range of 262–327 months. I noted that if the career-offender enhancement had not applied, I "would definitely do an upward departure for substantial underrepresentation of criminal history." Sent. Tr. at 15, 16.

> Shortly after *Shepard* was decided, however, we noted that a defendant's failure to object to the portion of the PSR that describes the factual basis of a predicate offense that may be used to enhance a sentence constitutes an admission of the cited facts. *United States v. Menteer*, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam) (armed-career-criminal enhancement); *see also United States v. Reliford*, 471 F.3d 913, 916–17 (8th Cir. 2006), *cert. denied*, 550 U.S. 938, 127 S. Ct. 2248, 167 L. Ed.2d 1097 (2007). Putzier's objection to paragraph 33 of the PSR, which referenced the burglary conviction but not the underlying facts of the crime, did not put the government on notice that it might need to produce *Shepard*-approved documentation of the burglary details. Even after the probation officer responded to Putzier's objection to paragraph 33 by noting that Putzier pleaded guilty to entering or breaking into an occupied structure, Putzier did not object to the facts set out in paragraph 60. Because the facts underlying Putzier's conviction for burglary of a dwelling, a crime of violence under the Guidelines, were deemed admitted, the District Court properly considered the burglary conviction, without further documentation of the details, in making the determination that Putzier was a career offender.

*Id*.

## II. LEGAL ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion. See 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, a conviction becomes final upon conclusion of direct review. *See United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003); see also *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000). When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (noting that a criminal defendant's conviction did not become "final" for the purposes of a section 2255 petition until ninety days after the Eighth Circuit issued its ruling on direct appeal); *see also Burrell v. United States*, 467 F.3d 160, 168 (2d Cir. 2006) (holding that a conviction becomes "final for purposes of direct review upon the denial of a petition for writ of certiorari or the expiration of time for filing such a petition."). Here, Putzier's conviction became final on July 30, 2012, ninety days after the Eighth Circuit Court of Appeals issued its mandate on his direct appeal.

4

In his § 2255 motion, Putzier argues that the one year limitations period in his case should not run from the date his conviction became final but instead, from the date of the Supreme Court's decision in *Descamps*. Putzier claims to rely upon a new rule announced by the Court in *Descamps* 133 S. Ct. 2276. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). However, new procedural rules are generally not applied to criminal cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *Teague v. Lane*, 489 U.S. 288, 303 (1989). Retroactive effect is given "to only a small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 542 U.S. at 352 (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990)).

The Supreme Court has not declared the *Descamps* decision to be retroactively applicable on collateral review. *See Wilson v. Warden, FCC Coleman*, --- Fed. App'x, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review."); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."). The Supreme Court has unequivocally declared that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Moreover, I have not found any federal court case declaring that *Descamps* applies retroactively to cases on collateral review. *See Powell v. United States*, No. 3:11-cv-377-RJC, 2104 WL 4793232, at 6 (W.D.N.C. Sept. 25, 2014) (denying proposed amendment to § 2255 motion as futile "because *Descamps* is not retroactive to cases on collateral review."); *Johnson v. United States*, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014) ("Petitioner, however, cannot avail himself of a delayed start under

5

Section 2255(f)(3) because *Descamps* does not apply retroactively to cases on collateral review."); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8, 2014 WL 1674085 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."); *Murphy v. United States*, No. 2:13-cv-08051-VEH, 2014 WL 1388403, *5 (N.D. Ala. April 09, 2014) (stating that "*Descamps* has not been applied retroactively to cases on collateral review"); *Randolph v. United States,* No. CCB–13–1227, 2013 WL 5960881, at * 1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoev. United States,* No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Reed v. United States*, No. 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, *3 (M.D. Fla. Oct. 9, 2013) (stating that "the Supreme Court has not declared that its decision in *Alleyene* or *Descamps* is to be given retroactive effect"); *Strickland v. English*, 2013 WL 4502302, *8 (N.D. Fla. Aug. 22, 2013) (stating that, "[t]he Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review."). Accordingly, I conclude that the rule announced in *Descamps* is not retroactively applicable here and does not toll the statute of limitations and Putzier's § 2255 motion must be dismissed as time-barred.[2]

---

[2]Putzier's § 2255 motion contains no argument that he is entitled to equitable tolling of the limitations period. To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v.*

Alternatively, even if *Descamps* is given retroactive effect, Putzier's burglary conviction would still constitute a crime of violence for the purposes of the career offender guideline. *Descamps* does nothing to alter this conclusion. Under *Descamps*, the modified categorical approach still applies to divisible statutes. *Descamps*, 133 S. Ct. at 2281–82. As the Supreme Court explained in *Descamps*:

> If at least one, but not all of those crimes [listed in the statute] matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense.

*Descamps*, 133 S. Ct. at 2285. Iowa's burglary statute is a divisible statute because it contains all of the elements of the generic burglary definition in at least one alternative means of violating the statute. *See* IOWA CODE § 713.1.[3] Thus, unlike the California

---

*Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[3] The Iowa Code defines burglary as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

IOWA CODE § 713.1. The Iowa Code defines an "occupied structure" as follows:

> An "occupied structure" is any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the

burglary statute considered in *Descamps*, the Iowa burglary statute only punishes those who enter a structure "having no right, license or privilege to do so," or who remain there after their rights to be there have expired. Iowa's burglary statute resembles the over-inclusive, divisible statute hypothesized in *Taylor v. United States*, 495 U.S. 575 (1990), because its use of the term "structure" includes unlawful entry of both buildings, a generic burglary element, and automobiles, a non-generic burglary element. *Taylor*, 495 U.S. at 602. As the Eighth Circuit Court of Appeals pointed out in denying Putzier's direct appeal, "the criminal history section of Putzier's Presentence Investigation Report (PSR), paragraph 60, to which he did not object, describes Putzier's participation in the burglary of 'a residence' in September 2010. That is a crime of violence under the Guidelines." *Putzier,* 460 Fed. App'x at 611. Thus, Putzier's claim also fails on its merits because the *Descamps* decision is inapplicable here where Iowa's burglary statute is a divisible statute, and Putzier's 2011 Iowa burglary conviction constitutes a crime of violence for the purposes of the career offender guideline. Accordingly, Putzier's § 2255 motion is dismissed.

### III. CERTIFICATE OF APPEALABILITY

Putzier must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*,

---

> purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present. However, for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy is not an "occupied structure".

IOWA CODE § 702.12.

8

537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Putzier's motion does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Putzier's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Putzier wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

For the reasons discussed above, Putzier's motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 14th day of October, 2014.

                                         _____
                                         MARK W. BENNETT
                                         U.S. DISTRICT COURT JUDGE
                                         NORTHERN DISTRICT OF IOWA